IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CHRISTOPHER LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00924-LSC-JHE |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff William Christopher Lewis filed a tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, naming the United States as Defendant. (Doc. 1). Plaintiff seeks compensatory and punitive damages. (*Id.*). In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(1), the complaint was referred to a magistrate judge for a preliminary review and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

On July 25, 2013, the magistrate judge entered an Order for Special Report directing the Clerk to forward copies of the complaint to Defendant and requesting Defendant file a special report addressing Plaintiff's factual allegations. (Doc. 11). The Order advised Defendant the special report could be submitted under oath or accompanied by affidavits and, if appropriate, might be construed by the court as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. (*Id.*). On October 28, 2013, Defendant filed a special report accompanied by affidavits and other evidentiary material related to the claims asserted. (Doc. 14). Defendant argued for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, in the alternative, for summary judgment pursuant to Rule 56. (*Id.*). On November 1, 2013, the court notified the parties that Defendant's special report would be construed as a motion for summary

judgment and further notified Plaintiff he would have twenty days to respond to the motion by filing affidavits or other material if he chose. (Doc. 15). The Order advised Plaintiff of the consequences of any default or failure to comply with Rule 56. (Id.); *see Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). Plaintiff filed a response to Defendant's motion for summary judgment on November 19, 2013, but submitted no affidavits, only argument.[1] (Doc. 16). Defendant's motion to dismiss and/or for summary judgment is now ripe for review.

## I. Standard of Review

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000).

The burden of proof is upon the moving party to establish *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party carries the initial burden, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp.*

---

[1] "Although pro se litigants are not held to the same standards of compliance with formal or technical pleadings rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Gordon v. Watson*, 622 F.2d 120, 123 (11th Cir.1980); *see also Small v. Lehman*, 98 F.3d 762, 764 n.5 (3d Cir.1996). Plaintiff's response is not an affidavit as required by Rule 56(e) and does not satisfy the verification requirement of 28 U.S.C. § 1746. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).

*v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bennett v. Parker*, 898 F.2d 1530, 1532-33 (11th Cir. 1990). The Eleventh Circuit Court of Appeals has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issues as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (quoting *Celotex*, 477 U.S. at 323). However, any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment. *See Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986).

## II. Summary Judgment Facts

Plaintiff is a prisoner incarcerated at the Federal Correctional Facility in Talladega, Alabama. (Doc. 1 at 2). On August 30, 2011, while housed in the Special Housing Unit, Plaintiff was taken to the second tier to shower. (*Id.*). After Plaintiff's shower, Officer Locker escorted him back to his cell. (Doc. 1 at 4). Plaintiff was wearing shower shoes and his hands were cuffed behind his back pursuant to regulations. (Doc. 1 at 2, 4-5; doc. 14-1 at 2, 4). As they were walking down the stairs, Plaintiff slipped out of Locker's grasp and fell down an entire flight of concrete and steel stairs. (Doc. 14-1 at 2). Officer Locker had been holding onto Plaintiff's handcuffs and right arm, but did

not have both of his hands on him. (Doc. 1 at 4; doc. 14-1 at 2). Plaintiff could not stop the fall due to the handcuffs. (Doc. 1 at 4). Officer Locker tried to catch Plaintiff, but was unable to prevent the fall because Plaintiff weighs 190 pounds and everything happened too fast. (Doc. 14-1 at 2). It appeared to Officer Locker Plaintiff was able to slow his fall by hitting the side of the staircase. (Doc. 14-1 at 2). Neither the floors nor the stairs were wet. (Doc. 14-1 at 3).

Officer Locker immediately helped Plaintiff up and asked if he was hurt. (Doc. 14-1 at 3). Plaintiff responded he was fine and declined Locket's offer to take him to health services. (*Id.*). Nonetheless, Locker took Plaintiff for an evaluation. (*Id.*). According to the medical assessment, Plaintiff stated he did not lose consciousness or have any back or neck pain. (Doc. 14-4 at 9). Plaintiff told the medical staff he slowed his fall by hitting the side of the staircase. (*Id.*). Although Plaintiff reported pain in the anterior left forearm, left cheek, and his left foot, no bruising, swelling, or skin breaks were present, and no abnormalities were noted. (*Id.*). Health services instructed Plaintiff to apply ice on the painful areas. (*Id.*).

Plaintiff returned to health services on August 31, 2011. (Doc. 14-4 at 2-7). Plaintiff complained of pain and numbness in his left arm. (*Id.*). Health Services placed Plaintiff's left arm in a splint and took x-rays. (*Id.*). The x-rays revealed no broken bones. (Doc. 14-4 at 8). Plaintiff was seen by health services on September 22, 2011, and again on September 29, 2011, for complaints of neck and shoulder pain. (Doc. 14-4 at 9, 13-18).

Plaintiff filed a Federal Torts Claim Act with the Bureau of Prisons on October 3, 2011. (Doc. 14-2). The subsequent investigation concluded Plaintiff's shower shoes were wet and he slipped in the shoes. (*Id.*). The investigation further concluded there was no evidence of negligence

by the escorting staff member, and the claim was denied. (*Id.*) . Plaintiff timely filed this federal action on March 13, 2012. (Doc. 1).

On April 16, 2014, Plaintiff had back surgery at a free world hospital. (Doc. 18 at 1).

### III. Analysis

Plaintiff brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), asserting he fell down a flight of stairs and was injured due to the negligence of Defendant Locker, who was escorting him back to his cell from the shower.

The FTCA acts as a limited waiver of sovereign immunity allowing the United States to be sued for "injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[2]." 28 U.S.C. § 1346(b); *see United States v. Muniz,* 374 U.S. 150, 151 (1963) (confirming the right of a federal prisoner to sue under the FTCA for injuries received during incarceration).

The United States is immune from suit except to the extent it has waived its immunity and has consented to be sued, *F.D.I. C. v. Meyer*, 510 U.S. 471 (1994), and courts strictly construe waivers of sovereign immunity and resolve all ambiguities in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). While the FTCA provides a "limited waiver" of the United States' sovereign immunity, this waiver is limited by several statutory exceptions codified in 28 U.S.C. § 2680. *See Monzon v. United States*, 253 F.3d 567, 570 (11th Cir. 2001). If conduct falls within one

---

[2] All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). The FTCA further provides that a tort claim against the United States will be "forever barred" unless (1) presented to the appropriate federal agency within two years after the claim accrues or (2) action is commenced within six months after the final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b). The government concedes Plaintiff satisfies these prerequisites.

Case 1:12-cv-00924-LSC-JHE   Document 23   Filed 07/10/14   Page 6 of 12

of these excluded categories, the court lacks subject matter jurisdiction and the case must be dismissed. *JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263–64 (11th Cir. 2000).

Although substantive claims under the FTCA are governed by the law of the state where the injury occurred, *see Hess v. United States*, 361 U.S. 314, 318 (1960), before applying state law to the underlying claim, the court must determine whether there is an exception that would exempt the defendant from FTCA liability.

### A. Discretionary Function Exception

Defendant argues the court lacks jurisdiction because Plaintiff's claims are barred by the "discretionary function" exception to the FTCA. The discretionary function exception provides, in pertinent part, the FTCA shall not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."28 U.S.C. § 2680(a).

The Eleventh Circuit has articulated a two-step analysis to determine whether the United States is immune from liability under the discretionary function exception. First, courts must consider (1) "whether the [federal employee's] conduct involves an element of judgment or choice, which will be the case unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard." *Nguyen v. United States*, 556 F.3d 1244, 1250 n. 2 (11th Cir. 2009) (citing *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). Second, courts should determine (2) "whether the judgment or choice is grounded in considerations of public policy," an inquiry that focuses not "on whether the agent actually weighed policy

considerations, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.*

As to the first question, government conduct does not involve an element of judgment or choice, and thus is not discretionary, if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997)).

Title 18 U.S.C. § 4042(a)(3) provides the BOP has the mandatory duty to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]" However, the Eleventh Circuit has recognized "even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception." *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998) (recognizing the discretion exercised by prison administrations with respect to the safety and security of prison inmates and staff is the type of discretion which the discretionary function exception is intended to protect); *see also Spotts v. United States*, 613 F.3d 559, 567 (5th Cir. 2010) (although § 4042(a) mandates that the Federal Bureau of Prisons provide for the safekeeping, care, and subsistence of all federal prisoners, it does not specify the manner in which the duty must be fulfilled"); *Jackson v. United States*, No. 06–88, 2007 WL 2033902 (W.D. Pa. July 12, 2007)(decisions regarding the best way to safeguard prisoners are generally discretionary in nature and do not provide subject matter jurisdiction to the federal courts for negligence claims against the United States). Thus, in *Cohen,* the Eleventh Circuit specifically rejected the argument that § 4042 "imposes a non-discretionary duty of care on the BOP which removes this case from the discretionary function exception." 151 F.3d at 1342-43.

There are instances, however, when the discretionary function exception will not apply; where there are fixed rules in place for federal employees to follow and they failed to do so, the discretionary function exception would not bar a cause of action. *See e.g., Garza v. United States*, No. 02–154, 2007 WL 776682 (S.D. Tex. Mar. 9, 2007) (explaining the discretionary function exception did not bar a cause of action for negligence by an injured inmate because a guard failed to follow mandatory instructions to both patrol the yard and prevent the gathering of large groups). Similarly, where defendants fail to take *any* safeguards for the safekeeping of an inmate, courts are reluctant to characterize the lack of action as a permissible exercise of discretion. *See, e.g.*, *McKinney v. U.S.*, 950 F.Supp.2d 923 (N.D. Tex. 2013) (failure to assist elderly and infirm inmate descend airplane stairs unaided while in handcuffs, a belly chain and shackles was blatant disregard of mandatory obligation to provide for inmate's safekeeping, and could therefore not be characterized as legitimate use of discretion so as to trigger discretionary function exception).

Here, Plaintiff asserts that Officer Locker did not have the discretion to decide how best to attempt to ensure his safety, because according to Plaintiff, BOP rules require officers to securely hold inmates with *both* hands when they are escorting them. (Doc. 1 at 4). Plaintiff argues Officer Locker failed to follow that fixed rule because he did not have a secure hold on him with *both* hands as they went down the stairs. (Doc.1 at 4).

Captain Raymond Ross of FCI Talladega testified that controlling policy in this instance, the post orders within the SHU, state: "[i]nmates will be escorted by an officer, with the officer holding the inmate's handcuffs, when escorting the individual to the shower, law library, call outs, etc." (Doc. 14-5 at 2; doc. 14-3). According to Ross, this policy does not require the officer to place his hands on the inmate, or hold the inmate's arm during the escort. (Doc. 14-5 at 3). Plaintiff does not

dispute this is the controlling policy, nor provide any evidence to support his prior assertion as to the policy of the Bureau of Prisons.[3]

While the Bureau of Prisons and its employees have the duty to safeguard inmates, they also have the discretion as to how best to ensure the safety of the inmates. Officer Locker had an element of choice as to how to assist Plaintiff safely from the shower back to his cell. The undisputed evidence demonstrates that Officer Locker endeavored to fulfill this duty to safeguard by holding onto Plaintiff's handcuffs with one hand, pursuant to internal SHU regulations, and held Plaintiff's arm with his other hand while escorting him down a set of stairs after Plaintiff had showered. Locker's actions did not violate any rule. Accordingly, the first "discretionary function" prong is satisfied.

Turning to the second prong of the discretionary function test, the court must determined "whether the nature of the decision or conduct at issue is susceptible to policy analysis." *Cohen,* 151 F.3d at 1344 (citing *Gaubert*, 499 U.S. at 324–25). Providing for the safety of the prisoners is the type of policy-making judgment the discretionary function exception intneded to leave to prison administrators, who historically have been given great latitude in determining the policies necessary to maintain order and safety within their institutions. *See Rodriguez v. United States,* 415 Fed. Appx, 143 (11 Cir. 2011) (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain

---

[3]Plaintiff appears to abandon the crux of the argument presented in his complaint that Locker should have been holding his person securely with both hands. In his unsworn response, Plaintiff disputes Officer Locker's testimony and contends Locker was not holding onto his handcuffs.

institutional security.")).  Indeed, "when a statute, regulation or agency guideline allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Conrad v. United States*, 447 F.3d 760, 766 (9th Cir. 2006). Accordingly, the second "discretionary function" prong is satisfied.

Officer Locker's conduct meets both criteria for satisfying the discretionary function exception to the Federal Tort Claims Act. Because the discretionary function exception applies, Plaintiff's FTCA claims must be dismissed for lack of subject matter jurisdiction.

**B. Negligence**

Because Plaintiff's claim falls within the discretionary function exception, it is unnecessary to consider Plaintiff's allegation his injuries were caused by Defendant Locker's negligence. However, even if the discretionary function exception did not apply and subject matter jurisdiction existed, Defendant would be entitled to summary judgment on Plaintiff's negligence claim.

Under Alabama law,[4] negligence is the failure to do what a reasonably prudent person would have done under the same or similar circumstances or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances. *Ford Motor Co. v. Burdeshaw*, 661 So.2d 236 (Ala. 1995). A plaintiff asserting a negligence claim must offer proof of the following elements: (1) a duty owed by defendant to plaintiff; (2) a breach of that duty, (3) an

---

[4] The FTCA does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004) (per curiam). Hence, in a FTCA action, the district court applies the law of the state in which the act occurred. *See* 28 U.S.C. § 1346(b)(1) (conferring jurisdiction over suits against the United States "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *FDIC v. Meyer*, 510 U.S. at 478 (emphasizing that state law is "the source of substantive liability under the FTCA").

injury proximately caused by the breach, and (4) damages. *Quillen v. Quillen*, 388 So.2d 985, 988 (Ala.1980); " *Ross v. United States*, 640 F.2d 511, 519 (5th Cir. 1981) (per curiam). Simply put, a defendant will not be liable unless he owed a duty to the plaintiff and breached it in a way that caused the plaintiff's injury. Moreover, in discussing the requisite causation, the Supreme Court of Alabama has held the proximate cause of any injury is "an act or omission that in a natural and continuous sequence, unbroken by any new and independent causes, produces the injury and without which the injury would not have occurred." *Byrd v. Commercial Credit Corp.*, 675 So.2d 392, 393 (Ala. 1996).

Plaintiff asserts that Locker, as an officer and an agent of BOP had a mandatory duty of care pursuant to § 4042 to "exercise ordinary diligence" to keep him safe from harm. (Doc. 1 at 3-4). According to Plaintiff, Locker breached this duty when he failed to ensure Plaintiff's safe passage from the showers back to his cell. (*Id.*). Plaintiff argues Locker violated proper escorting procedures by not having both hands on Plaintiff's person and contends if Locker had followed proper procedures, he would not have fallen down the stairs and been injured. (*Id.*).

It is undisputed, however, the fall occurred because Plaintiff slipped while wearing wet shower shoes. Although Locker was unable to stop Plaintiff's fall, it was not because he failed to exercise ordinary diligence to keep him safe from harm. Locker's undisputed testimony establishes he had one hand on Plaintiff's handcuffs and another on his arm as they descended the stairs, and he tried to catch Plaintiff but was unable to because Plaintiff weighed 190 pounds and because how quickly Plaintiff slipped out of his grasp. Given this undisputed testimony, Defendant would be entitled to summary judgment despite Plaintiff's argument he would not have fallen but for Locker's failure to hold him securely with two hands.

## IV. Conclusion

Accordingly, because the discretionary function exception to the FTCA applies to Plaintiff's negligence claim, this court lacks subject matter jurisdiction.  Defendant's motion to dismiss is due to be granted and this complaint is due to be dismissed for lack of subject matter jurisdiction.

An appropriate order will be entered.

Done this 10th day of July 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]